UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TY INC., | ) |
| Plaintiff, | ) No. 08 C 4217 |
| v. | ) Magistrate Judge Susan E. Cox |
| SUZHOU YOUNG CHANG PLASTIC PRODUCTS CO., LTD., | ) |
| Defendant. | ) |

MEMORANDUM OPINION AND ORDER

Plaintiff Ty Inc.("Ty') has filed a motion for sanctions against defendant SuzhouYoung Chang Plastic Products Co., Ltd. ("Suzhou") for failure to comply with this Court's discovery orders. In relief, Ty requests that: (1) its attorneys' fees for prosecution of this motion be awarded; (2) that Suzhou's counterclaim against Ty be dismissed with prejudice, and; (3) that the jury during the trial of this case draw an inference that Suzhou's alleged destruction of evidence it had a duty to preserve means that this evidence would not have been favorable to Suzhou. For the reasons stated below, the Court grants this motion in its entirety [dkt 45].

The Complaint in this case is straight-forward. Ty claims that Suzhou is liable to Ty for damages because Suzhou failed to use specified materials to manufacture "plush dolls" for Ty. TY had a preexisting agreement with Unofiber Co., Ltd. to use only PVC fibers manufactured by Unofiber to create the hair for these dolls, part of the "TY GIRLZ" line. Accordingly, when Ty contracted with Suzhou, a Chinese company, to make these dolls for Ty, it allegedly required Suzhou to use only these PVC fibers for the dolls' hair. According to the Complaint, when Ty representatives came to Suzhou's plant to inspect the manufacturing process, it learned that the hair

did not conform to these specifications and that there were other problems in the quality of the products being made at the plant. Although assured by S.J. Hwang of Suzhou that it had used the PVC fibers from Unofiber, Ty discovered that this was not the case. By this point, Ty already had paid Suzhou for two containers of the dolls, which it rejected as non-conforming under the parties' alleged contract. As further damages, Ty also paid for the shipping costs, the destruction of the dolls and additional sums to acquire dolls to replace the non-conforming dolls.[1] The Complaint alleges that these operative facts support legal claims of breach of contract and warranty, as well as fraud. In its Answer, Suzhou denied these allegations and counterclaimed for $183,887.04 in unpaid invoices for additional dolls it manufactured for which Ty has not paid. (It has been given leave to withdraw a portion of the counterclaim - for dolls which it manufactured but did not ship because the dolls were unable to be inspected by Ty as requested in discovery - but has not yet done so.) Suzhou also denies that it ever agreed to use the specified fiber in its manufacturing process.

To support its claim for breach of contract, Ty sought documents relating to the materials used, purchased, or ordered by Suzhou to manufacture the TY GIRLZ, as well as propounding interrogatories regarding its manufacturing process. The Court has twice ordered Suzhou to respond fully to this discovery.[2] Cognizant of the fact that Suzhou is a company located in China and that

---

[1] Ty claimed in its Complaint that these expenses exceed the jurisdictional amount in this diversity action of $75,000 exclusive of interest and costs and Suzhou admitted this allegation. However, Ty did not quantify any of its expenses in its prayer for relief. The Court has a responsibility to determine whether the amount in controversy exceeds the statutory threshold of $75,000 before it exercises subject matter jurisdiction in this diversity case. *Smith v. Am. General Life and Accident Ins. Co., Inc.,* 337 F.3d 888, 892 (7th Cir. 2003). A letter attached to the Complaint as Exhibit 1 states that the amount of invoices sent by Suzhou to Ty for dolls which it manufactured (but for which Ty did not pay) is $558,863.04. The amount per order ranges from $157,132.80 (for two orders) and $60,710.20 for a third. Thus the amount alleged in the Counterclaim meets the jurisdictional threshold. Surprisingly, however, Ty does not allege the amount of money it claims to have paid for the dolls. The Court, therefore, orders Ty to amend its prayer for relief to ensure that it meets the jurisdictional threshold.

[2] *See* Dkt.#43 (Minute Order dated 11/10/09) and Dkt.#44 (Minute Order dated 12/02/10).

communication with its lawyer was hampered both by language and logistic difficulties, the Court also extended discovery twice to allow full production of these materials. However, to date, Suzhou has not produced these materials. In addition, Suzhou failed to produce electronic mail regarding its business dealings with Ty. Its two principals, Messrs. Shin and Hwang also testified in their depositions that they personally had not looked for such documentation, although Mr. Hwang believed that an unnamed employee had done so. Finally, Ty has asked for documentation concerning the corporate status of Suzhou and this also has not been produced.

Although the Court (and counsel for Ty) believed that the documents existed, but that there had been difficulty locating them, Suzhou's reply to the motion for sanctions states otherwise. In that reply, Suzhou has now admitted that in December 2008, after the lawsuit was filed, and after Suzhou clearly was on notice that these documents would be germane to the resolution of this case, Suzhou "discarded most of its physical assets including documents and other paperwork." Suzhou contends that Ty's failure to pay for dolls which Suzhou made, but that Ty rejected was the reason why Suzhou closed its Chinese plant and its paperwork discarded. But Suzhou offers no rationale why it did not preserve the records it was already on notice were relevant to the case. Nor does Suzhou attempt to explain why it waited well over a year to inform the Court and Ty that documents which it claimed in open court to be looking for were, in fact, destroyed long ago and could never have been produced in this litigation.

The Court's authority to sanction a party for failure to preserve documents is both inherent and statutory.[3] The purpose of imposing sanctions is to prevent abuses of the judicial process and

---

[3]*Chambers v. NASCO, Inc.,* 501 U.S. 32, 50-51 (1991) (stating that federal courts may sanction bad faith conduct by its inherent powers or under the Federal Rules of Civil Procedure); *Barnhill v. United States*, 11 F.3d 1360, 1368 (7th Cir. 1993) (same).

to promote the efficient administration of justice.[4] This power includes sanctioning parties for failure to preserve potential evidence that is properly discoverable.[5] Any award of sanction "must be proportionate to the circumstances surrounding the failure to comply with discovery."[6]

Ty's claim for sanctions involves the spoilation of evidence. Before it sanctions Suzhou, the Court must answer each of the following questions: (1) was there a duty to preserve the specific documents/evidence?; (2) was that duty breached?; (3) was Ty harmed by the breach?; and (4) was there wilfulness, bad faith or fault? Finally, the Court must determine whether the proposed sanction can ameliorate the prejudice from the breach or whether there is a lesser sanction available, which will accomplish that goal.[7] For the Court to enter a default judgment on the Counterclaim as a sanction, it must be convinced by clear and convincing evidence not only that the violation occurred under the analysis outlined above, but that the loss of the evidence itself causes irreparable damage to the plaintiff's case.[8]

Suzhou has essentially admitted the first two elements. The documents were destroyed after the case was filed and their relevance known to Suzhou. With respect to the third element, the prejudice to Ty is obvious. Ty alleges that the goods were non-conforming because Suzhou did not use the agreed upon fiber for the dolls' hair. Because the records were destroyed, Ty cannot show that the hair did not conform to its alleged specifications.

---

[4]*Barnhill*, 11 F.3d at 1367; *Langley v. Union Electric Co.,* 107 F.3d 510, 513 (7th Cir. 1997).
[5]*Wiginton v. Ellis*, No. 02 C 6832, 2003 WL 22439865, at *3 n. 5 (N.D. Ill. Oct. 27, 2003).
[6]*Langley,* 107 F.3d at 515 (internal citations and quotations omitted); *United States v. Golden Elevator, Inc.,* 27 F.3d 301, 303 (7th Cir. 1994); *Crown Life Ins. v. Craig,* 995 F.2d 1376, 1382 (7th Cir. 1993).
[7] *Larson v. Bank One Corp.,* No. 00 C 2100, 2005 WL 4652509, at *9 (N.D. Ill. Aug. 18, 2005).
[8]*See Danis v. USN Communications, Inc*., 98 C 7482, 2000 WL 1694325, *34-35 (N.D. Ill. Oct. 23, 2000) (discussing cases); *Bryant v. Gardner,* 587 F. Supp.2d 951 (N.D. Ill. 2008).

This brings the Court to the fourth element: was the destruction done wilfully, in bad faith or as a result of fault. In *Marrocco v. General Motors Corporation,* the court explained the differences between these different degrees of culpability; "'[b]ad faith,' for instance, is characterized by conduct which is either intentional or is in reckless disregard of a party's obligation to comply with a court order. 'Fault,' by contrast, doesn't speak to the noncomplying party's disposition at all, but rather only describes the reasonableness of the conduct–or lack thereof–which eventually culminated in the violation."[9]

Suzhou was under a Court order to produce these documents. Suzhou's counsel led the Court to believe that the production would be forthcoming: a matter of *when* not *if.* For this reason, discovery was continued on at least two occasions. The failure to preserve these records clearly was wilful and intentional. The failure of Suzhou to tell the truth about it to the Court and to Ty is even more deplorable and is clear evidence of bad faith.

To remedy the spoilation, Ty first proposes that the jury in this case be informed of Suzhou's destruction of records and be further instructed that this destruction means that the evidence contained in the records was not favorable to its position in this lawsuit. We agree that no lesser sanction will ameliorate Ty's prejudice here. The Court also grants Ty's request for fees incurred in the filing of this motion and its previous motion to compel in this case. Moreover, given the clear and convincing record before the Court regarding the timing of the spoilation (after the Complaint was filed) and Suzhous's lack of candor with the Court about the spoilation, the Court finds that dismissal of Suzhou's counterclaim with prejudice is also an appropriate sanction in this case. In the Counterclaim, Suzhou alleges that Ty owes it money for dolls which it made, but for

---

[9] 966 F.2d 220, 224 (7th Cir. 1992).

which Ty did not pay. Ty claims it does not have to pay these amounts because the dolls did not conform to the parties' agreed upon specifications. Suzhou has destroyed all of the evidence upon which Ty would rely to defend this claim. Dismissal is the only sanction, therefore, which will fully ameliorate the prejudice to Ty caused by Suzhou's acts.[10]

Accordingly, Ty is directed to prepare a fee petition consistent with this order on or before March 1, 2010. In addition to the adverse inference jury instruction, Suzhou's Counterclaim is dismissed with prejudice as a further sanction for its wilful destruction of relevant evidence.

**IT IS SO ORDERED.**

**ENTERED:** February 22, 2010

**UNITED STATES MAGISTRATE JUDGE**
**Susan E. Cox**

---

[10] *See China Ocean Shipping v. Simone Metals, Inc.,* 1999 WL 966443, *5 (N.D. Ill. Sept. 30, 1999).